IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT GEORGE JOHNSON,

                        Petitioner,

  v.

STATE OF WISCONSIN,

                        Respondent.

ORDER

25-cv-1006-jdp

---

      Petitioner Robert George Johnson, proceeding without counsel, brings a petition for writ of habeas corpus under 28 U.S.C. § 2254. Johnson is serving a 40-year term of incarceration following his conviction for one count of first-degree sexual assault of a child under thirteen, in violation of Wis. Stat. § 948.02(1)(e). *State v. Johnson*, 2023 WI App 32, ¶¶ 1, 7, 29, 993 N.W.2d 170 (table).

      Petitions under § 2254 "must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). The petition must substantially follow the form prescribed by this court. Rule 2(d), Section 2254 Rules. The court's form requires petitioners to state specific facts supporting each claim for relief, and to avoid argument or citing law. The court has inherent powers to manage its docket in a way to "achieve the orderly and expeditious disposition of cases," *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016), which includes the power to impose reasonable page limits on legal filings, *see Lue v. JPMorgan Chase & Co.*, 768 F. App'x 7, 9 (2d Cir. 2019).

      Johnson submitted his petition on a typewritten copy of the court's form but, as presented, the petition does not substantially comply with the form's requirements. Running 64 pages, the petition is excessively long and argumentative, and it has many vague and

immaterial allegations. Compounding the lack of organization is Johnson's assertion of multiple constitutional violations in each ground, and his incorporation of facts and arguments from other grounds and state-court filings. The court will not parse the current petition to attempt to discern the specific facts supporting a potentially meritorious claim because that would unduly strain the court's resources and divert it from its role as a neutral decisionmaker. The court must construe Johnson's allegations generously, but it cannot construct his claims for him.

The court will require Johnson to file an amended petition, using the copy of the form sent with this order, to clarify his grounds for relief and identify the specific facts supporting each ground. Johnson may include supplemental pages with the form if he needs more space to allege facts supporting his claims, but he may provide no more than ten supplemental pages. If Johnson files a separate legal memorandum, it likewise must not exceed ten pages. Johnson must not incorporate by reference facts or arguments from other grounds, state-court filings, or any exhibits.

Any text or handwriting on the amended petition or any supplemental page, or in any legal memorandum, must not be excessively small and must contain at least 1.5 spacing between lines to ensure readability. Any handwriting must also be reasonably neat. For reference, some of the handwriting in Johnson's petition is illegible, and his typewritten supplemental pages lack adequate spacing between the lines to ensure readability.

ORDER

IT IS ORDERED that:

1. Petitioner Robert George Johnson has until March 23, 2026 to file an amended petition in accordance with this order.

2. Petitioner is to be sent a copy of the court's § 2254 form.

Entered February 19, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge