IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT GEORGE JOHNSON,

Petitioner,

v.

STATE OF WISCONSIN,

Respondent.

OPINION and ORDER

25-cv-1006-jdp

---

In response to a screening order, petitioner Robert George Johnson brings an amended petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction of one count of first-degree sexual assault of a child under age 13 in Sawyer County case no. 2016CF88. Dkt. 6. Johnson is proceeding without counsel.

Rule 4 of the Rules Governing § 2254 Cases requires me to examine the amended petition and supporting exhibits and dismiss the petition if it "plainly appears" that Johnson isn't entitled to relief. I may take judicial notice of records in Johnson's underlying state court proceedings when reviewing the petition under Rule 4. *See Green v. Warden*, 699 F.2d 364, 369 (7th Cir. 1983). It appears that the amended petition is untimely, so I will order Johnson to show cause why I should not dismiss it on that ground.

BACKGROUND

The background is mostly drawn from the state court of appeals' decision affirming Johnson's conviction and the circuit court's denial of his motion for postconviction relief. *State v. Johnson*, 2023 WI App 32, 993 N.W.2d 170 (table), 2023 WL 3344418.

According to a criminal complaint, in May 2016, Johnson was an overnight guest in his cousin's home. *Id.* ¶ 2. After a night of drinking, Johnson sexually assaulted a six-year-old girl, whom the court of appeals pseudonymously referred to as "Alice." *Id.* Alice reported the assault to her parents. *Id.* Later, during a forensic interview, Alice stated that Johnson came into her bedroom and put his finger in her vagina. *Id.* Alice also stated that Johnson "kissed" her vagina, forced her to touch his penis, and tried to get her to bite his penis. *Id.*

The state charged Johnson with first-degree sexual assault of a child. *Id.* The case proceeded to trial, and the jury found Johnson guilty as charged. *Id.* ¶ 5. The circuit court imposed the maximum sentence, consisting of 40 years of initial confinement followed by 20 years of extended supervision. *Id.* ¶ 7.

Represented by Renee Taber Landgraf,[1] Johnson sought postconviction relief in the circuit court. *Id.* ¶ 8; Dkt. 6 at 6. The circuit court denied the motion. *Johnson*, 2023 WI App 32, ¶ 8.

Still represented by Taber Landgraf, Johnson appealed. *Id.*; Dkt. 6 at 6–7. On May 9, 2023, the court of appeals issued its decision affirming Johnson's conviction and the circuit court's denial of the postconviction motion. *Id.* ¶ 1. Taber Landgraf filed a petition for review in the state supreme court, which was summarily denied on September 26, 2023. *State v. Johnson*, 2024 WI 4, 5 N.W.3d 596 (table); Dkt. 6 at 6–7. Johnson did not seek review in the U.S. Supreme Court. Dkt. 6 at 4.

---

[1] Johnson refers to Taber Landgraf as "Tabor-Langrof," but this spelling is incorrect. *See* the caption in *State v. Clark*, No. 2021AP973-CR, 2023 WL 1793828 (Wis. Ct. App. Feb. 7, 2023).

Johnson's original federal petition is dated November 18, 2025, though it was docketed on December 8, 2025. Dkt. 1 at 7. In response to an order to amend, Johnson filed an amended petition, which was docketed on March 13, 2026. Dkt. 6. Johnson brings several grounds for relief, many of which he concedes are unexhausted. *See id.* at 6.

ANALYSIS

A one-year statute of limitations applies to § 2254 petitions. 28 U.S.C. § 2244(d)(1). As relevant here, § 2254's one-year limitation period shall run from "the date on which the judgment became final by . . . the expiration of time seeking [direct review]." 28 U.S.C. § 2254(d)(1)(A). Johnson didn't seek review in the U.S. Supreme Court after the state supreme court summarily denied review. So the time for Johnson to seek direct review expired on December 25, 2023, i.e., 90 days after the state supreme court denied review. *Mayberry v. Dittmann*, 904 F.3d 525, 528 (7th Cir. 2018). That means his habeas filing deadline would have been around December 25, 2024.

I will give Johnson the benefit of the doubt and treat the date on which he says that he signed the amended petition, November 18, 2025, as its date of filing. And I will assume for screening purposes that all claims in the amended petition are related to the claims in the original petition, such that the amended petition's filing date for statute of limitations purposes is November 18, 2025. *Cf. Mayle v. Felix*, 545 U.S. 644, 648 (2005) ("[A]mendments relate back to the filing date of the original pleading when both the original [pleading] and the amendment arise out of the same conduct, transaction, or occurrence."). Even so, Johnson brought the amended petition nearly 11 months late. It appears to be clearly untimely.

Johnson asks for equitable tolling. *See* Dkt. 6 at 7. Johnson alleges that Taber Landgraf

told him after the state supreme court denied review that "her representation was final." *Id.* Johnson also alleges that he asked Taber Landgraf how much time he had to appeal to the U.S. Supreme Court "and any other appeal options," but that she said there were "no time restrictions." *Id.* "There was no mention by her," Johnson continues, "of this [§ 2254 petition]." *Id.* Johnson explains that Taber Landgraf told him to "research/apply with non-profit agencies for appeal options," and he says that he contacted several organizations. *Id.* None of those organizations helped him with his appeal, Johnson adds. *Id.*

A petitioner can potentially overcome a time bar by showing that he qualifies for equitable tolling because he has been pursuing his rights diligently and some extraordinary circumstance prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Johnson bears the burden of demonstrating both elements of the *Holland* test. *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016).

Johnson's allegations don't meet this standard, but I must give him notice and an opportunity to respond before dismissing the amended petition on an issue that the court has raised on its own. *See Day v. McDonough*, 547 U.S. 198, 209–10 (2006). So I will give Johnson 30 days to file a response to this order explaining why I shouldn't dismiss the amended petition as untimely.

## ORDER

IT IS ORDERED that:

1. Petitioner Robert George Johnson may have until July 6, 2026, to file a response to this order, in which he explains why I should not dismiss the amended petition as untimely.

4

2.  If petitioner doesn't respond by the deadline, I will dismiss the petition.

Entered June 4, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge