IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT GEORGE JOHNSON,

                    Petitioner,                                    OPINION and ORDER

        v.

                                                                   25-cv-1006-jdp

STATE OF WISCONSIN,

                    Respondent.

---

In response to a screening order, Dkt. 5, petitioner Robert George Johnson filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction of one count of first-degree sexual assault of a child under age 13 in Sawyer County case no. 2016CF88, Dkt. 6. Johnson is proceeding without counsel. In screening the amended petition, I determined that it appeared to be clearly untimely. Dkt. 8. I ordered Johnson to show cause why I should not dismiss the amended petition on that ground.

Johnson has now responded to that order. Dkt. 9. As in his amended petition, Johnson acknowledges that his amended petition is untimely, but he contends that he is entitled to equitable tolling. Johnson explains that his state appellate attorney, Renee Taber Landgraf, abandoned him, causing him to miss the deadline to bring a federal petition. Johnson has shown at most that Landgraf was negligent, but not that she engaged in professional abandonment or other misconduct egregious enough to warrant equitable tolling. I will dismiss the amended petition with prejudice as untimely, but I will grant a certificate of appealability.

BACKGROUND

The background is mostly drawn from the state court of appeals' decision affirming Johnson's conviction and the circuit court's denial of his motion for postconviction relief. *State v. Johnson*, 2023 WI App 32, 993 N.W.2d 170 (table), 2023 WL 3344418.

According to a criminal complaint, in May 2016, Johnson was an overnight guest in his cousin's home. *Id.* ¶ 2. After a night of drinking, Johnson sexually assaulted a six-year-old girl, whom the court of appeals pseudonymously referred to as "Alice." *Id.* Alice reported the assault to her parents. *Id.* Later, during a forensic interview, Alice stated that Johnson came into her bedroom and put his finger in her vagina. *Id.* Alice also stated that Johnson "kissed" her vagina, forced her to touch his penis, and tried to get her to bite his penis. *Id.*

The state charged Johnson with first-degree sexual assault of a child. *Id.* The case proceeded to trial, and the jury found Johnson guilty as charged. *Id.* ¶ 5. The circuit court imposed the maximum sentence, consisting of 40 years of initial confinement followed by 20 years of extended supervision. *Id.* ¶ 7.

Represented by Taber Landgraf, Johnson sought postconviction relief in the circuit court. *Id.* ¶ 8; Dkt. 6 at 6. The circuit court denied the motion. *Johnson*, 2023 WI App 32, ¶ 8.

Still represented by Taber Landgraf, Johnson appealed. *Id.*; Dkt. 6 at 6–7. On May 9, 2023, the court of appeals issued its decision affirming Johnson's conviction and the circuit court's denial of the postconviction motion. *Johnson*, 2023 WI App 32. Taber Landgraf filed a petition for review in the state supreme court, which was summarily denied on September 26, 2023. *State v. Johnson*, 2024 WI 4, 5 N.W.3d 596 (table); Dkt. 6 at 6–7. Johnson did not seek review in the U.S. Supreme Court. Dkt. 6 at 4.

Johnson's original federal petition is dated November 18, 2025, though it was docketed on December 8, 2025. Dkt. 1 at 7. In response to a screening order, Dkt. 5, Johnson filed an amended petition, which was docketed on March 13, 2026. Dkt. 6. Johnson brings several grounds for relief, many of which he concedes are unexhausted. *See id.* at 6.

ANALYSIS

A one-year statute of limitations applies to § 2254 petitions. 28 U.S.C. § 2244(d)(1). As relevant here, § 2254's one-year limitation period shall run from "the date on which the judgment became final by . . . the expiration of time seeking [direct review]." 28 U.S.C. § 2254(d)(1)(A). Johnson did not seek review in the U.S. Supreme Court after the state supreme court summarily denied review. So the time for Johnson to seek direct review expired on December 25, 2023, which was 90 days after the state supreme court denied review. *Mayberry v. Dittmann*, 904 F.3d 525, 528 (7th Cir. 2018).

I will give Johnson the benefit of the doubt and treat the date on which he says that he signed his amended habeas petition, November 18, 2025, as its date of filing. And I will assume for purposes of this opinion that all claims in the amended petition are related to the claims in the original petition, so that the amended petition's filing date for statute of limitations purposes is also November 18, 2025. *Cf. Mayle v. Felix*, 545 U.S. 644, 648 (2005) ("[A]mendments relate back to the filing date of the original pleading when both the original [pleading] and the amendment arise out of the same conduct, transaction, or occurrence."). Even with the benefits of doubt, Johnson brought the amended petition nearly 23 months later, so it appears to be clearly untimely.

Johnson contends that he's entitled to equitable tolling. *See* Dkt. 6 at 7; Dkt. 9. A petitioner can overcome a time bar by showing that he qualifies for equitable tolling because (a) he has been pursuing his rights diligently and (b) some extraordinary circumstance prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Johnson bears the burden of demonstrating both elements of the *Holland* test. *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016).

Johnson's basic argument is that Taber Landgraf abandoned him at the end of his state appellate proceedings and that Taber Landgraf failed to advise him that he could bring a federal petition, subject to a one-year statute of limitations.

An attorney's professional misconduct, including abandonment of a client, may be an extraordinary circumstance egregious enough to warrant equitable tolling. *See Maples v. Thomas*, 565 U.S. 266, 281 (2012); *Holland*, 560 U.S. at 651. Equitable tolling is warranted, for instance, when an attorney abandons his client without notice, thereby causing a federal habeas petition to become procedurally barred. *See Maples*, 565 U.S. at 281. But "incorrect legal advice," including the failure to advise a client "of the possibility of collateral review," does not arise to the level of professional abandonment or other misconduct that is egregious enough to warrant equitable tolling. *See Ademiju v. United States*, 999 F.3d 474, 477–78 (7th Cir. 2021).

In his response to the show cause order, Johnson describes in some detail his communications with Taber Landgraf after the state supreme court denied review. Johnson says that Taber Landgraf told him that her representation had ended. Dkt. 9 at 1. Johnson also says that he and Taber Landgraf briefly discussed the unlikelihood of obtaining direct review in the U.S. Supreme Court. *Id.* Johnson explains that that he asked Taber Landgraf if he had any other "appeal options," and that she advised him to reach out to nonprofit organizations.

*Id.* Johnson also explains that Taber Landgraf told him that there were no "time restrictions to . . . these appeals," and that she failed to mention that he could bring a § 2254 petition in federal court. *Id.*

Assuming the accuracy of Johnson's recounting of his interactions with Taber Landgraf, I will accept for purposes of this opinion that Taber Landgraf should have given Johnson advice about federal habeas and the applicable deadline. But her failure is garden-variety error and neglect that is too common to constitute an extraordinary circumstance that would warrant equitable tolling. *Holland* 560 U.S. at 651–52; *see also Ademiju*, 999 F.3d at 477–78 (mere negligence by attorney does not warrant equitable tolling).

Johnson does not make a legal argument based on precedential cases, nor would the court expect him to. But Johnson cites some pertinent cases that he says would support his claim. One of those cases is *Holland*, which provides not only the applicable standards, but an informative point of comparison. In that case, an attorney who represented the petitioner in state postconviction proceedings allowed nearly all the time to bring a federal petition to expire before even bringing the state proceedings. *See Holland*, 560 U.S. 631, 636. Then, while the state proceedings were pending, the attorney: (1) miscalculated the federal statute of limitations; (2) misadvised the petitioner about the state proceedings' effect on tolling the federal deadline; (3) misadvised the petitioner about the possibility of bringing a timely federal petition; and (4) ignored the petitioner's repeated communications, including letters correcting the attorney's miscalculations and giving him ample warnings that he needed to act promptly at the end of the state proceedings to ensure that the federal petition was timely filed. *See id.* at 636–42. Here, by contrast, the federal statute of limitations had yet to start running when Taber Landgraf told Johnson that she no longer represented him. Although Taber

Landgraf failed to tell him that he could bring a federal petition, he says that she advised him to contact nonprofit organizations when he asked if he had other appeal options. Johnson has not shown that Taber Landgraf misled him to believe that he was barred from bringing a federal petition, or that she said anything to indicate that she continued to represent him, thereby lulling him into inaction.

Johnson alludes to a second extraordinary circumstance: his own lack of legal knowledge, which he attempted to overcome by a diligent search for counsel. But these are not circumstances that ordinarily justify equitable tolling. Johnson had no constitutional right to counsel to bring a federal habeas petition. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Lack of legal knowledge, on its own, does not warrant equitable tolling. *Socha v. Boughton*, 763 F.3d 674, 685 (7th Cir. 2014).

Johnson tries to explain why he couldn't pursue habeas relief without counsel. He says that he could not obtain help in prison because prisoners with sexual assault convictions "have limited to no help with other inmates," and because the law library's clerks "intentionally give out false information/bad legal advice," "or even charge for advice." *Id.* at 2. According to Johnson, he did not learn that he could bring a federal habeas petition until September 2025, when he spoke with a federal public defender. *Id.* After that, Johnson adds, he immediately started gathering the papers necessary to prepare the original petition that he submitted in November 2025. The court is not persuaded that these impediments justify more than 20 months of delay. Acquiring basic information about federal habeas petitions and the one-year deadline is not a task that requires arcane legal knowledge; the court receives many timely pro se habeas petitions by petitioners convicted of state sex offenses.

The court concludes that Taber Landgraf's deficient advice, Johnson's lack of counsel,

6

his lack of legal knowledge, and his status as a prisoner convicted of a sex offense, even considered together, are not extraordinary circumstances that warrant equitable tolling.

Alternatively, Johnson could argue for relief from the habeas deadline based on a credible claim of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013); *Arnold v. Dittmann*, 901 F.3d 830, 837 (7th Cir. 2018). To establish a claim of actual innocence, Johnson "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Perkins*, 569 U.S. at 399. Johnson does not expressly claim actual innocence in his amended petition or in his response to the court's show cause order, and his claims for relief don't suggest that he's actually innocent of sexually assaulting a child. *See* Dkt. 6 at 9, 11, 13, 15, 17, 19, 21, 23 and 25. Actual innocence does not apply.

To recap, Johnson's amended petition is clearly untimely, and he hasn't shown that equitable tolling or actual innocence applies. Accordingly, I will dismiss the amended petition with prejudice as untimely. No evidentiary hearing is warranted because the amended petition is untimely, and there is no indication that a hearing would change that result. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (district court need not hold evidentiary hearing when the record precludes habeas relief).

## CERTIFICATE OF APPEALABILITY

Because Johnson seeks relief under § 2254, he may appeal this order only if he obtains a certificate of appealability. I may issue a certificate of appealability only if Johnson makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain that relief, Johnson must demonstrate that reasonable jurists would debate whether my

procedural ruling is correct and whether the amended petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). I have not ruled on the merits of his petition. I have concluded only that Johnson is not entitled to equitable tolling or relief based on a claim of actual innocence. But I will not hold that the timeliness question is completely beyond reasonable debate. Accordingly, I will grant a certificate of appealability.

ORDER

IT IS ORDERED that:

1. Petitioner Robert George Johnson's amended habeas petition, Dkt. 6, is DISMISSED with prejudice as untimely.

2. A certificate of appealability is GRANTED.

Entered July 21, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge